UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SIDNEY DURELL HILL, #724440,               )
      Plaintiff,                            )
                                            )     No. 2:23-cv-76
v.                                         )
                                            )     Honorable Paul L. Maloney
PATTI HUBBLE, *ET AL.*,                    )
      Defendants.                           )
_____  )

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Vermaat's Report and Recommendation (R&R), (ECF No. 62), in which he recommended that Defendants Cullen Loman and Jason Hubble's motion for summary judgment be granted, (ECF No. 43), and that Plaintiff's cross-motion be denied, (ECF No. 48). Defendants objected to the R&R, (ECF No. 63), as did Plaintiff, (ECF No. 73). After reviewing the objections, the Court finds no error in the Magistrate Judge's analysis. The R&R will thus be adopted in full, Defendants' motion will be granted, and Plaintiff's motion will be denied.

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

1

curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

Courts grant summary judgment on an issue when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if a reasonable factfinder could find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Courts make all "reasonable inferences" in favor of the nonmovant when reviewing the record. *Malick v. Croswell-Lexington Dist. Schs.*, 148 F.4th 855, 861 (6th Cir. 2025).

## II.

Plaintiff alleges that Defendants retaliated against him for engaging in activity protected by the First Amendment—namely, writing grievances. That retaliation allegedly took two forms: first, verbal statements by Defendants alluding to administrative segregation, and second, Defendant Loman ordering that a book addressed to Plaintiff in the mail be destroyed. Defendants moved for summary judgment, as did Plaintiff. Defendants take issue with two of the findings in the R&R: first, Defendants argue that because the protected activity took place after the adverse action, Plaintiff's claims should fail for that reason; second,

2

Defendants argue that Defendant Loman did not attempt to destroy the materials Plaintiff alleges he did. Plaintiff, meanwhile, argues that the Magistrate Judge should have found that there were material questions of fact as to whether verbal statements by both moving Defendants were adverse actions and as to whether Loman had a retaliatory motive for ordering the destruction of Plaintiff's mail.

### A. Defendants' Objections

Defendants' first objection goes to the causal nexus element of a retaliation claim. *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019). Obviously, an event cannot be the but-for cause of prior events. In the R&R, the only adverse action that the Magistrate Judge found was Defendant Loman's confiscation of and purported attempt to destroy course materials sent in the mail. (ECF No. 62 at PageID.473-74). Defendants argue that these actions cannot have been motivated by grievances about those same actions written after the fact. Of course, the Magistrate Judge did not find that Loman's actions had a retaliatory motive; even if Defendants' argument were correct, it would only add another reason the analysis in the R&R was correct. It is also not clear that Plaintiff solely alleges that the retaliation was to the grievance *about the mail*; the R&R references the following statement from Loman after the mail hearing: "When you write grievances on my boss and co-workers I'm not giving you shit." (*Id.* at PageID.463). Were Loman motivated by retaliation, this statement suggests it would have been for more than the mail situation itself. However, the Magistrate Judge adequately laid out the reasons for his finding that Loman would have taken the same actions regardless of Plaintiff's protected activity. It is not clear that Defendants' timeline-based

argument is correct, and it would not change the Magistrate Judge's analysis. The objection is thus overruled.

As to the second objection, there is little difference between Defendants' views and those expressed in the R&R. Defendants request that the Court's disposition of the motions reflect that Defendant Loman did not confiscate or destroy Plaintiff's course materials. The R&R already reflects this. (ECF No. 62 at PageID.477-78). Defendants seem to request that the Court hold that Loman's actions could never be an adverse action. They cite *Jones v. Washington*, No. 1:19-cv-99, 2022 WL 1018510, at *5 (W.D. Mich. Feb. 17, 2022), *adopted*, 2022 WL 1016244 (W.D. Mich. Apr. 5, 2022). There, the court found that holding a mail hearing, on its own, was not an adverse action. Here, Plaintiff also alleged that the choice to order the mail destroyed in the administrative hearing report constituted adverse action. (*See* ECF No. 44-4 at PageID.329). That is materially different from the situation in *Jones*, and while Loman's actions may have complied with MDOC policy, Plaintiff also alleged that destroying the mail would have been inconsistent with practice at his facility. (*See* ECF No. 62 at PageID.463). Theoretically, this could constitute adverse action; but, as the Magistrate Judge explained in the R&R, there was insufficient evidence here that Loman's actions were connected to Plaintiff's protected activity. Deciding the case here, rather than stretching the law to immunize certain conduct in all situations, is appropriate, so Defendants' second objection will also be overruled.

### B.  Plaintiff's Objections

Plaintiff first objects to the finding in the R&R that verbal statements by the moving Defendants did not constitute adverse action. Plaintiff's first argument is that the Magistrate

Judge cited two unpublished cases, *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003), and *Spearman v. Williams*, No. 22-1309, 2023 WL 7000971, at *4 (6th Cir. Jul. 17, 2023), for the proposition that the verbal statements in this case do not constitute adverse action. Even if the Magistrate Judge had relied *solely* on these cases, that would not be error. Plaintiff does not identify any binding cases inconsistent with *Smith* or *Spearman*. There is no problem with being persuaded by sources of persuasive authority in the absence of contrary binding authority, and Plaintiff identifies no problems with applying *Smith* or *Spearman* here.[1] But the Magistrate Judge did not rely solely on these cases; he relied on *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999), for the legal rule and cited *Smith* and *Spearman* as support for the way he applied that rule to the facts of this case. The Sixth Circuit articulated the rule in *Thaddeus-X* that an action is adverse if "it is capable of deterring a person of ordinary firmness from exercising" that person's First Amendment rights. 175 F.3d at 398. The court also explained that "[p]risoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens," and that "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations." *Id.* The court in *Smith* and *Spearman* added more detail to that principle in holding that "verbal abuse, idle threats, and nonphysical harassment of prisoners, standing alone" do not constitute "adverse action of constitutional significance." *Spearman*, 2023 WL 7000971, at *4. The court rearticulated this understanding in *Coleman v. Kent*,

---

[1] Plaintiff argues that unpublished cases are incapable of establishing principles at all, apparently leading to the conclusion that they should never be cited. (*See* ECF No. 73 at PageID.512). Leaving aside that Plaintiff cites several unpublished cases elsewhere, Plaintiff relies on *Crehan v. Davis*, 713 F. Supp. 2d 688, 696 (W.D. Mich. 2010), for this argument. In *Crehan*, the court explained that unpublished Sixth Circuit decisions do not "clearly establish" principles for the purpose of qualified immunity analyses because they cannot put officials on notice that their conduct is unlawful. *Id.* That does not mean they have no legal force whatsoever or that they are not sources of persuasive authority.

No. 24-1737, 2025 WL 1768666, at *4 (6th Cir. June 26, 2025), writing that "threats accompanied by 'more' can constitute an adverse action" but "an isolated incident of a mere threat" cannot.

Plaintiff argues that published Sixth Circuit cases are inconsistent with that principle, but his argument relies on taking single lines of opinions out of context. Plaintiff cites *Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004), where the court wrote that "the mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation." But this was in the context of discussing the filing of false charges of misconduct against an inmate. *See id.* at 571-72. The "threat of disciplinary sanctions" that the court concluded was adverse was the threat of sanctions *stemming from false charges*; the focus of the inquiry in false charge cases is not what punishment, if any, a prisoner actually received on the false charges but what punishments they *could have* faced. *See id.*; *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018) ("When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment [the plaintiff] could have faced and the punishment he ultimately did face."). That explains the court's holding that false misconduct charges are still adverse action when the inmate does not suffer a punishment as a result. *See Scott*, 377 F.3d at 572 (explaining that while the defendant "did not do a particularly good job of framing" the plaintiff, that did not "make [the defendant's] actions any less culpable"). Plaintiff also cites Judge Rosen's dissenting opinion in *Brown v. Crowley*, 312 F.3d 782 (6th Cir. 2002). Criticizing the majority in a case about a false misconduct ticket, Judge Rosen wrote that "the majority concludes that the mere 'risk of significant sanctions,' without more, constitutes the requisite 'adverse action' that permit's

6

[the plaintiff's] retaliation claim to go forward . . . because [the plaintiff] has not identified any actual, concrete consequence of the misconduct charge against him." *Id.* at 801 (Rosen, J., dissenting). The majority opinion confirms that it was the risk of punishment flowing from the false misconduct charge, rather than a freestanding verbal threat, that led to the court's holding that there was a triable issue of fact regarding adverse action. *See id.* at 789 (majority opinion).

Plaintiff then cites *Doss v. McPherson*, No. 2:17-cv-00044, 2020 WL 8474760, at *4 (W.D. Mich. June 5, 2020), for the proposition that verbal threats to put a prisoner in administrative segregation can constitute adverse action. When the court adopted the report and recommendation in *Doss,* no party objected to that finding. *See Doss v. McPherson*, No. 2:17-CV-44, 2021 WL 71297 (W.D. Mich. Jan. 8, 2021). The case predated *Spearman,* which the Magistrate Judge found persuasive on the facts here. *Spearman* is more consistent with Sixth Circuit caselaw, which requires verbal threats to be accompanied by something more, such as a sustained pattern of harassment, physical violence, or the use of racial slurs. *See Coleman,* 2025 WL 1768666, at *3. In *Doss,* the court held that a threat to have the plaintiff placed in administrative segregation for filing grievances constituted adverse action. *Doss,* 2020 WL 8474760, at *3-4. Here, the relevant verbal threats are Hubble's alleged statement, "your [sic] lucky I don't put you in the hole for the grievance you wrote on my wife," (ECF No. 62 at PageID.471), and Loman's alleged statement, "I heard about the grievance you wrote on RUM P. Hubble, I should say you threatened me and send your ass to the hole, stop writing grievances before we really turn up the heat," (*id.* at PageID.472-73). These statements are less explicit than the threat at issue in *Doss.* Plaintiff does not identify

anything in the record to suggest these threats were anything other than idle. Even without that distinction, though, the Court finds that to the extent that the court in *Doss* found an idle verbal threat alone could constitute adverse action,[2] that finding was inconsistent with the Sixth Circuit's standard that an idle verbal threat must be accompanied by more.[3]

Plaintiff argues that because Defendants deny they made the threats, summary judgment is inappropriate. But the Magistrate Judge assumed that the statements were made, as he was required to at the summary judgment stage, and found they would not constitute adverse action. A factfinder resolving the dispute of whether the statements were actually made would not change anything.

Plaintiff argues that the Magistrate Judge did not view the record related to Loman's entry of the office while Hubble was interviewing Plaintiff in the light most favorable to Plaintiff. In the R&R, the Magistrate Judge found that Plaintiff "does not identify any adverse action he experienced because of PC Loman being present during the grievance interview." (ECF No. 62 at PageID.472). Plaintiff does not cite anything in the record to suggest that Loman's presence caused any adverse consequence. He argues this is against MDOC policy, but a policy violation itself is insufficient to establish unconstitutionally adverse action. Plaintiff cites no authority suggesting a freestanding policy violation with no demonstrable consequence can constitute adverse action.

---

[2] In *Doss*, there were several acts of alleged retaliation by a single defendant, including the issuance of a false misconduct ticket. *See Doss*, 2020 WL 8474760, at *2.

[3] The same analysis applies to Plaintiff's citation of *McCoy v. Bastian*, No. 2:23-cv-48, 2024 WL 5248227 (W.D. Mich. Dec. 5, 2024). In *McCoy*, one defendant allegedly said that if the plaintiff filed more grievances, the defendant or one of his coworkers would put the plaintiff in administrative segregation. *See id.* at *8. This threat was more explicit than the one here and accompanied by a sustained course of other actions, including a false misconduct ticket. *See id.* at *2.

Finally, with regard to the adverse action element, Plaintiff argues about Loman's behavior with regard to Plaintiff's mail. But the Magistrate Judge found that this behavior *did* constitute adverse action. Given that, it is not clear where Plaintiff's point of departure with the analysis in the R&R is.

Plaintiff also objects to the analysis in the R&R related to the causal nexus element of Plaintiff's retaliation claim. The Magistrate Judge found that Loman's handling of Plaintiff's mail constituted adverse action but there was insufficient evidence to establish that Loman had a retaliatory motive. Plaintiff argues that while Loman's conduct may have been consistent with MDOC policy, that does not automatically render it immune from a charge of retaliatory motive. *See Tillie v. Biddinger*, No. 23-10975, 2025 WL 2319334, at *4 (E.D. Mich. Aug. 12, 2025) ("[A]ctions within policy limits can still be proscribed retaliation."). But Plaintiff puts forward no evidence that Loman had choices under the policy that were *not* adverse to Plaintiff, nor that employees at the facility regularly disregarded the policy and enforced it selectively here. Plaintiff does not argue that the officials were wrong to reject the book in his mail, so Loman's discretion as to what to do with it was limited under the policy. (*See* ECF No. 62 at PageID.477). None of the available options involved Plaintiff receiving the mail, and all of them involve possible destruction of the mail. Yet there is undisputed evidence in the record that Plaintiff *did* eventually receive the mail and that it was not destroyed.

Plaintiff argues that Loman's *attempt* to destroy the mail could still be rationally seen as driven by a retaliatory motive. Loman never took any action to destroy the mail. He ordered that it be disposed of according to the relevant policy, which required it to be held

9

before destruction after a prescribed period of time. (*Compare id.* at PageID.475, *with id.* at PageID.477). Plaintiff argues that only his intervention of filing a grievance prevented the immediate destruction of his mail, but the record does not provide any support to this interpretation.

Plaintiff argues that a threat to destroy property can be an adverse action. This is irrelevant to the causal nexus analysis; the Magistrate Judge found that the mail-related conduct was adverse. It is also not clear that this argument is relevant, as Plaintiff provides no evidence that he actually was entitled to receive the book in the mail at the time it was delivered.

Finally, Plaintiff argues that Loman violated MDOC policy by acting as the hearing officer in the mail rejection hearing. Assuming that Loman did in fact violate policy, which Defendants dispute, (*see* ECF No. 76 at PageID.536), that would not change anything for Plaintiff. Just like not all behavior consistent with policy is constitutional, not all behavior inconsistent with it is unconstitutional. MDOC policies mandated an outcome adverse to Plaintiff's stated interests which would have occurred regardless of who the hearing officer was. Plaintiff makes no argument that there could have been a different, better outcome had Loman not been the hearing officer. Whether policy was violated as a freestanding matter is irrelevant to Plaintiff's constitutional claim.

### III.

Neither Plaintiff nor Defendants identify any error in the R&R. Plaintiff alleges that Defendants engaged in conduct that may be unprofessional or against MDOC policy, but even accepting Plaintiff's version of events, that conduct does not rise to the level of a

constitutional violation. The R&R (ECF No. 62) is thus **ADOPTED IN FULL.** Defendants'

motion (ECF No. 43) is **GRANTED**, and Plaintiff's cross-motion (ECF No. 43) is **DENIED.**

**IT IS SO ORDERED.**

Date:   March 6, 2026                                             /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 United States District Judge